No. 13-1215

---

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

# MARIE M. McCRAY,

Plaintiff - Appellant,

vs.

# MARYLAND DEPARTMENT OF TRANSPORTATION, MARYLAND TRANSIT ADMINISTRATION,

Defendants - Appellees.

---

Appeal from the United States District Court
for the District of Maryland at Baltimore
(The Honorable Ellen L. Hollander, J.)

---

# REPLY BRIEF OF APPELLANT

---

JOHN H. MORRIS, JR.
1210 East 33rd Street
Baltimore, Maryland 21218
(410) 366-5683

Attorney for Appellant

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| STATEMENT OF FACTS | | 1 |
| SUMMARY OF REPLY ARGUMENT | | 3 |
| ARGUMENT | | 5 |
| | A. THE ACTIONS OF MCCRAY'S SUPERVISOR DEETS ARE ADMINISTRATIVE AND NOT LEGISLATIVE SO AS NOT TO BE ENTITLED TO LEGISLATIVE IMMUNITY. | 5 |
| | B. UNDER THE "CAT'S PAW" ANALYSIS OF *STAUB*, THE ACTIONS OF DEETS ARE NOT AS A MATTER OF LAW PRECLUDED FROM ESTABLISHING THE LIABILITY OF THE EMPLOYER BECAUSE HIS RECOMMENDATIONS WERE NOT BINDING. | 9 |
| | C. MCCRAY PROPERLY SOUGHT RELIEF UNDER RULE 56(D) TO DEFER SUMMARY JUDGEMENT RESOLUTION OF HER CLAIM AND THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT. | 12 |
| CONCLUSION | | 14 |
| Request for Oral Argument | | 14 |
| Certificate of Compliance | | 15 |
| Certificate of Service | | 15 |

## TABLE OF AUTHORITIES

**Cases** — **Page**

*Acevedo-Cordero v. Cordero-Santiago,*
958 F.2d 20 (1st Cir. 1992). — 5

*Alexander v. Holden*, 66 F.3d 62 (4th Cir. 1995) — 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) — 12

*EEOC v. Washington Suburban Sanitary Commission,*
631 F.3d 174 (4th Cir. 2011) — 4, 5, 6, 7, 8, 11

*Evans v. Techs. Applications & Serv. Co.,*
80 F.3d 954 (4th Cir. 1996) — 12

*Ingle v. Yelton*, 439 F.3d 191 (4th Cir. 2006) — 13

*Miles v. Dell, Inc.*, 429 F.3d 480 (4th Cir. 2005) — 8

*Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir. 1995) — 12

*Staub v. Proctor Hospital*, ___ U.S. ___,
131 U.S. 1186 (2011) — 9, 10.

*Toni Works v. Carolyn W. Colvin*, 2013 U.S. App.
LEXIS 8325 (4th Cir. April 24, 2013) — 12, 13, 14

**Constitutional Provisions, Statutes, Regulations, or Rules**

Rule 56(d) of the Federal Rules of Civil Procedure — 5, 12, 13

## STATEMENT OF FACTS

In the factual recitation set forth in its responding brief, Defendant-Appellees, Maryland Department of Transportation and Maryland Transit Administration ("the Employer"), devote significant attention to detailing the process by which the governmental party performs budget functions, focusing on officials whose activities have no bearing on any of the Complaint allegations of the Plaintiff-Appellant, Marie M. McCray ("McCray").[1] None of the Complaint allegations concerns the actions of the Governor, State Comptroller, State Treasurer, the Board of Public Works, or the Maryland General Assembly. J.A. 5-17, END 1, pp. 1-13.

In contrast, the Employer devotes comparatively fewer words to the circumstances of McCray's employment and her relationship with her supervisor, Michael Deets. From the last paragraph of page 7 through the top three lines of

---

[1] From page 4 through much of page 7 of its responding brief, the Employer makes numerous references to the decision-making of Governor, the State Comptroller, the State Treasurer, the Board of Public Works, and the General Assembly. *See* Brief of Appellees, *supra*. The Complaint in the District Court makes not a single reference to these individuals or governmental bodies. J.A. 5-17, EDN 1, pp. 1-13.

page 9, the Employer addresses the facts underlying McCray's action in the District Court. *See* Brief of Appellees, *supra*.[2]

In this recitation, it appears uncontested for purposes of this appeal, among other things, that McCray had an episode in which she collapsed in the workplace because of diabetes for which she had to be hospitalized, *see* Brief of Appellees, at p. 8, that, after she returned to work, her supervisor, Deets, took to repeatedly questioning her fitness to return to her position, despite medical documentation supporting her return, Brief of Appellees, at p. 8-9. While under Deets' supervision, the bulk of the duties McCray had performed since the late 1980s, the compilation of monthly and annual reports of rider usage, were reassigned from her to a consultant, id. at 7-8, leaving her without significant work to perform in a unit were her coworkers were overburdened with work. J.A. 11, EDN 1, p.7.

The parties also concur, for purposes of this appeal, that within the same year her supervisor had removed from her the principal duties she had performed for years, McCray was notified on October 15, 2008 that her position was being eliminated. The decision to eliminate McCray's position was made pursuant the

---

[2] The Employer is obviously attempting to reconstruct the record below to fit its legal theory that McCray is here seeking to challenge as discriminatory the budgetary decisions of the Employer rather than, as McCray contends, the personnel decisions of low level officials such as her supervisor, Michael Deets.

2

recommendation of supervisor Deets, conveyed in a meeting with MTA Deputy Administrator Henry M. Kay. J.A. 34, EDN 7-7, p.2. The record in the District Court reflects no other individual identified by Deets to have his or her position eliminated other than McCray.

The record also reflects that after the announced budget cuts for FY 2009 and again for FY 2010, the Employer rehired several of the individuals whose positions were eliminated. J.A. 81, EDN 16-2, p.9; J.A. 89, EDN 16-14; J.A. 73-83, EDN 16-2, pp. 1-11.

The record also reflects evidence that McCray, as an African American woman, received different treatment with respect to her co-workers whose duties were not adjusted by supervisor Deets, and who remained with the Employer as a result of his recommendations.

## SUMMARY REPLY ARGUMENT

The Employer here invokes legal immunity not to protect otherwise legitimate legislative decisions but to provide governmental decision-makers with a license to discriminate in choosing the certain individual personnel to be exposed the budget axe mandated by the legislature or to protect certain other employees from that consequence. While the mandate to cut positions for

3

budgetary reasons may be beyond scrutiny by virtue of legislative immunity, it is the law of this Circuit the personnel decisions ordinarily made by administrative officials both before and after a budgetary decision has been made, undertaken to protect some employees from the budgetary axe or to target others, are not at all budgetary decisions. *See, e.g., EEOC v. Washington Suburban Sanitary Commission*, 631 F.3d 174, 184 (4th Cir. 2011) ("WSSC").

To the extent that the action brought by McCray in the District Court embraced allegations of actions undertaken by the Employer *before any budgetary determination was formalized* to reassign from McCray duties she had performed for years to leave her alone as the underutilized employee in an overworked unit, and to the extent that the Employer acted with respect to certain employers, not McCray, to rehire them *after* budgetary decisions had been implemented, McCray's action regarding her termination was not limited to a consideration of the particular budgetary decision. Instead, the decision-making to eliminate McCray's position must be assessed in a broader context of prior and subsequent personnel decisions. Contrary to the teaching of this Court's holding in *WSSC*, the District Court erred by extending the protection of legislative immunity to these personnel actions undertaken by McCray's supervisor before and after the Employer had implemented a budget cut.

To the extent that McCray's showing in the District Court illuminated such personnel decisions, and, to the extent that the evidence offered sustained the inference that these personnel decisions were discriminatory, the Employer's dispositive motion should either have been denied or, at the very least, deferred to afford McCray the benefit of discovery in accordance with Rule 56(d) of the Federal Rules of Civil Procedure.

## ARGUMENT

**A.  THE ACTIONS OF MCCRAY'S SUPERVISOR DEETS ARE ADMINISTRATIVE AND NOT LEGISLATIVE SO AS NOT TO BE ENTITLED TO LEGISLATIVE IMMUNITY.**

Not every decision that looks legislative is legislative. This observation rightly characterizes the teaching of this Court's reasoning in *EEOC v. Washington Suburban Sanitary Commission, supra*. In *WSSC*, this Court explained that "[l]egislative acts . . . typically involve the 'adopt[ion of] prospective, legislative-type rules,' . . . that 'establish[ ] . . . a general policy' affecting the larger population. . . ." 631 F.3d at 184, *quoting Acevedo-Cordero v. Cordero-Santiago,* 958 F.2d 20, 23 (1st Cir. 1992).

This Court distinguished from a government officials legislative actions, those actions which are essentially administrative. As this Court explained,

5

"'employment and personnel decisions [even of legislators] are generally administrative acts' because they most often affect specific individuals rather than formulate broad public policy." *WSSC*, 631 F.3d at 184, *quoting Alexander v. Holden*, 66 F.3d 62, 66 (4th Cir. 1995). The Court concluded that "extending blanket protection to WSSC's pre-structuring and post-structuring employment activities . . . *would upset this relatively stable classification system and cast doubt on our previous decisions establishing it.*" *WSSC, supra.*

The District Court and the Employer in this case seek to do what this Court determined that WSSC could not do – extend blanket protection of legislative immunity to activities of the Employer both before and after the decision to cut McCray's position. The Employer contends that legislative immunity embraces the entirety of the decision-making respecting the termination of McCray's position, precluding any consideration by the District Court that McCray may have been subject to unlawful discrimination.[3]

The record in this case reflects evidence that supervisor Deets eliminated McCray's position only after he had previously gutted it of its primary responsibility to prepare the statistical reports on rider usage, reassigning those duties to a consultant. Furthermore, the record reveals that, after the relevant

---

[3] *See* Brief of Appellees, at pp. 12-19.

6

budget cuts had been announced, the Employer proceeded to rehire some persons but not others whose positions had been eliminated. Certainly, as was the holding of this Court in *WSSC*, activities of the employer undertaken before and after the alleged legislative decision cannot be legislative at all.[4]

Other than to make the blanket assertion of privilege rejected in *WSSC*, the Employer here does not particularize its assertion of immunity to extend expressly to the actions of supervisor Deets before the budget cuts to remove duties previously performed by McCray or to the actions of the Employer after the cuts to rehire some employees but not others. Also, the Employer makes no particularized arguments to address McCray's contention that these actions before and after the budget cuts establish a context for action by McCray's supervisor Deets to target her specifically for elimination as would explain why these actions

---

[4] In *WSSC*, the EEOC has issued an investigative subpoena inquiring regarding a restructuring of the agency's IT department resulting in the elimination of nearly all of its merit-system positions and their replacement with non-merit-system positions. WSSC, like the Employer here, contended that, because the restructuring was in part occasioned by budget cuts, the restructuring and all matters covered by the subpoena were subject to legislative immunity. 631 F.3d at 177. The Court rejected the assertion of immunity by WSSC to preclude EEOC's inquiry regarding a determination "whether WSSC discriminated in distributing training *prior to* the restructuring and whether it discriminated in hiring *after* the restructuring." 631 F.3d at 183.

7

are not "personnel decisions . . . [that] most often affect individuals rather than formulate broad public policy."[5] *WSSC*, 631 F.3d at 184.

Instead, the Employer falls back on a more technical position that McCray's assertions of decisions made by her supervisor Deets simply are not actionable because any decision he made or recommended were not actionable as they were not binding on the Employer.[6] *See* Brief of Appellees, at pp. 18-19. This position

---

[5] The actions of Deets challenged in this action are limited in their impact to just one person, the only person to lose her job as a result of Deets' actions – McCray. On its face, this impact manifests all the earmarks of an administrative act and not the application of a legislative-type decision to a larger population as a result of broad public policy. *See WSSC*, 631 F.3d at 183.

[6] The Employer also contends that McCray's assertions regarding Deets' actions before the budget cuts and the Employer's actions after the cuts are beyond the scope of her discrimination charge. McCray timely complained that she lost her job because she was targeted to have her position eliminated because of her race, age, gender, and disability. Nothing argued in this appeal is inconsistent with that assertion. The Employer has offered no authority standing for the proposition that an aggrieved employee need set forth the adverse employment action he or she contended was discriminatory and the kind of discrimination he or she alleged accounted for the injury set forth. To the extent that such injury may have arisen under a number of narratives one or more of which may have been subject to legal immunity, nothing in Title VII requires that the employee delineate any particular narrative at the time a discrimination charge is submitted for investigation. McCray's charge here embrace all manner of targeting a reasonable investigation would have disclosed. *See generally, Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005).

8

does not immediately speak to the application of legislative immunity. Rather, it argues against the application of imputed liability to the Employer of the actions and motives of Deets under the "Cat's Paw" theory articulated in *Staub v. Proctor Hospital*, ___ U.S. ___, 131 U.S. 1186 (2011).[7]

    **B.**    **UNDER THE "CAT'S PAW" ANALYSIS OF *STAUB*, THE ACTIONS OF DEETS ARE NOT AS A MATTER OF LAW PRECLUDED FROM ESTABLISHING THE LIABILITY OF THE EMPLOYER BECAUSE HIS RECOMMENDATIONS WERE NOT BINDING.**

In *Staub v. Proctor Hospital, supra.*, the Supreme Court articulated the legal standard by which an official not formally authorized to make a particular employment decision may nonetheless render the employer liable for his or her actions. Writing for the court, Justice Scalia reasoned that the issue properly was one of proximate cause. He stated that "[t]he decision-maker's exercise of judgment is *also* a proximate cause [along with the action of the individual not otherwise formally authorized] of the employment decision, but it is common for injuries to have multiple proximate causes." *Staub,* 131 S.Ct. at 1192.

---

[7] McCray contends that the non-legislative actions of Deets indeed do render the Employer liable in the action below. *See* Argument B, *infra*.

9

In this case. the record is consistent with an inference that decisions attributable to Deets were a proximate cause for McCray's losing her job even though his recommendation may not formally have been binding on the Employer. The record reveals that the MTA Deputy Director Kay consulted with Deets for his recommendation. J.A. 34, EDN 7-7 at p. 2. Nothing in the record nor in any argument of the Employer makes any suggestion that the Employer disregarded Deets' recommendation relating to McCray.

Indeed, the Employer challenged McCray's invocation of the holding in *Staub* only through circular reasoning presuming blanket application of legislative immunity extending to Deets' activities, including those both before and those of the Employer after the budget cuts. *See* Brief of Appellees, at pp. 21-22.[8] The Employer argues that by virtue of its invocation of legislative immunity any

---

[8] The Employer here characterizes McCray as asserting that "because Mr. Deets recommended her position for elimination due to allegedly discriminatory reasons, her employer is liable under this so-called "cat's paw" theory of liability. Brief of Appellees. at p. 21. This characterization is not accurate. Rather, consistent with the holding in *Staub*, McCray maintains that because the non-legislative actions of Deets are a *proximate cause* of her losing her job, the Employer is subject to possible liability under the "Cat's Paw" theory irrespective of the legality or illegality of Deets' motives. However, it is because his motives were discriminatory that his actions would render the Employer liable. Motivation is not an element of establishing application of the "Cat's Paw" principle announced in *Staub*.

10

judicial inquiry into whether Deets' actions were a proximate cause under the Staub holding would abrogate legislative immunity. *See* Brief of Appellees, at pp. 21-22..

Apparently for the Employer, its unilateral assertion of legislative immunity not only covers actions before and after the formulation of a budget decision, the invocation of the immunity is controlling of every other legal principle. Accordingly, the government agency asserts legislative immunity and the assertion of the immunity effectively precludes any judicial inquiry to determine its proper application or else the asserted immunity would be violated. As this Court held in *WSSC*, the asserted legal position of the Employer here "would upset [the Court's] relatively stable classification system and cast doubt on [the Court's] previous decisions establishing it." 631 F.3d at 184. Accordingly, this Court should reject the Employer's position here and determine that the District Court erred.[9]

---

[9] The Employer further argues that McCray's age and disability discrimination claims are subject to sovereign immunity under the 11th Amendment. Brief of Appellees, at pp. 26-27. In addition, it maintains that it should prevail because McCray has failed to show that the FY 2009 budget cuts were mere pretexts for discrimination. The Employer's sovereign immunity arguments were never presented in the District Court and are offered for the first time in this appeal. The assertion that McCray has not shown that the budget cuts were pretextual is simply an attempt by the Employer to reconstruct McCray's claim to fit its legal defenses. McCray's action is not subsumed within this characterization. It is sufficient for her to

11

### C. MCCRAY PROPERLY SOUGHT RELIEF UNDER RULE 56(D) TO DEFER SUMMARY JUDGEMENT RESOLUTION OF HER CLAIM AND THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT.

In its recent *per curium* decision, *Toni Works v. Carolyn W. Colvin*, 2013 U.S. App. LEXIS 8325 (4th Cir. April 24, 2013), this Court reversed a decision of the District Court to grant summary judgment despite the filing of a request under Rule 56(d). The Court held that "Rule 56(d) 'require[s] that 'summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n.5 (1986)); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (Generally, "summary judgment is appropriate only after adequate time for discovery." (internal quotation marks omitted)). 2013 U.S. App. LEXIS 8325 at 15. According to this Court, the rule is intended to safeguard against a premature grant of summary judgment and should be construed liberally. *Id.* at 16.

---

> prevail to show that supervisor Deets, by his non-legislative acts, discriminated against her to target her for termination through elimination of her position. For this assertion, McCray has offered sufficient proof consistent with her request under Rule 56(d) to proceed further with this action. *See* Argument C, *infra*.

12

Other than to maintain that McCray's request for discovery was subject to consideration of abuse of discretion by the District Court or that the general invocation of legislative immunity thereby imposes a legal imperative for the District Court to act even prematurely, the Employer's brief fails to address the specific analysis of abuse of discretion as this Court articulated in *Works*, *supra*. *See* Brief of Appellees, at pp. 12, 23.  In asserting is Rule 56(d) position, the Employer cited *Ingle v. Yelton*, 439 F.3d 191 (4th Cir. 2006).  See Brief of Appellees, at p. 12.

As the *Works* Court explained, in *Yelton*, this Court held "that the district court abused its discretion in denying Ingle's Rule 56(d) motion in the context of a motion to dismiss, or in the alternative for summary judgment." *Works*, 2013 U.S. App. LEXIS 8325 at 20.   The District Court abused its discretion "because it 'seemingly ignored' an earlier request for such evidence, the necessary information was 'possessed only by her opponent,' and 'there was a sufficient basis to believe such [favorable discovery] existed, and [] this evidence represented Ingle's principal opportunity to contradict the assertion that the district court found dispositive[.]'" *Works*, 2013 U.S. App. LEXIS 8325 at 20, *quoting Yelton,* 439 F.3d at 196-197.

13

In this case, as was so in both Works and Yelton, McCray has set forth in her Rule 56(d) supporting documentation legitimate requests for discovery that could very well "contradict the assertion[s]" made by [the Employer] to the district court . . . ." Works, 2013 U.S. App. LEXIS 8325 at 20. Accordingly, as this Court found abuse of discretion in those cases, it should do so here and find that the District Court was in error.

## CONCLUSION

For the reasons stated herein, this Court should reverse the District Court's ruling on the Employer's motion to dismiss or, in the alternative, for summary judgment and remand this case to the District Court for further proceedings.

                                              Respectfully submitted,

                                              John H. Morris, Jr.
                                              1210 East 33rd Street
                                              Baltimore, Maryland 21218
                                              (410) 366-5683
                                              Attorney for Plaintiff-Appellant
                                              Marie M. McCray

## REQUEST FOR ORAL ARGUMENT

Plaintiff-Appellant Marie M. McCray, by and through the attorney of record in this appeal, hereby requests oral argument in this matter.

                                              John H. Morris, Jr.
                                              Attorney for Plaintiffs-Appellants

**CERTIFICATE OF COMPLIANCE**

I, John H. Morris, Jr., hereby certify that the foregoing Appellant's Brief complies with the length and typeface standards set forth by this Circuit in that the type face used for this Appellant's Brief is Times Roman Proportional, 14 Points, and the number of words in the text totals 2,294.

John H. Morris, Jr.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of August, 2013 the Reply Brief of the Appellant was transmitted electronically to the Clerk of the Court, with the expectation that the Reply Brief would electronically be transmitted to counsel for the Appellees, William F. Bronkman, Esquire, Assistant Attorney General, Office of the Attorney General, 200 St. Paul Place, 20th Floor, Baltimore, Maryland 21223; and to Jennifer L. Katz, Esquire, Assistant Attorney General, Office of the Attorney General, 200 St. Paul Place, 20th Floor, Baltimore, Maryland 21223; and to Eric S. Hartwig, Esquire, Assistant Attorney General, Office of the Attorney General, Maryland Transit Administration, 6 St. Paul Street, 12th Floor, Baltimore, Maryland 21202.

John H. Morris, Jr.